

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 2/5/2025

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOSEPH M. HIRAOKA, JR.**
*Senior Counsel*
Phone: (212) 356-2413
Fax: (212) 356-1148
jhiraoka@law.nyc.gov

MEMO ENDORSED

February 4, 2025

2/5/2025 Extension granted until April 8. New conference date is April 19, 2025 @ 10:00 AM

**BY E.C.F.**
Honorable Colleen McMahon
United States Chief District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Edwin Lopez v. City of New York, et al., 24-CV-8466 (CM)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in this matter. Defendant City writes to respectfully request that the Court grant a 60-day extension of time for the City to answer, or otherwise respond to, the Complaint, from February 7, 2025 to April 8, 2025. Counsel for plaintiff, Thomas Mirigliano, Esq., consents to a 30-day extension of time to respond, but not a 60-day extension because he is "requesting that the City accept service on behalf of the individual corrections officers, even though the Plaintiff does not yet have their first names. We anticipate that discovery will reveal the full names of the specific officers anyway, so we're asking for the City's cooperation in allowing us to perfect service now and avoid unnecessary motion practice later."

      Defendant City also requests that the initial conference scheduled for February 6, 2025 be adjourned to a date after April 8, 2025. Counsel for plaintiff consents to this request. This is the City's first request for an extension of time to answer, or otherwise respond to, the Complaint, and to adjourn the initial conference. The City's request will not affect any other scheduled dates.

      By way of background, plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging *inter alia* deprivation of rights in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. More specifically, plaintiff alleges that he was subjected to excessive force on August 8, 2023 and August 15, 2023 while incarcerated on Rikers Island.

The City was only recently served, and the requested extension of time to respond to the Complaint is necessary to allow this Office time to investigate the allegations in the Complaint in accordance with its obligations under Rule 11(b) of the Federal Rules of Civil Procedure. The additional requested time should also permit the plaintiff time to provide this office with medical releases, and allow this office time to collect records from the medical providers in order to assess the claims and properly respond to the Complaint.

Furthermore, the docket states an initial conference was scheduled for January 23, 2025. (Dkt. No. 8). Counsel for plaintiff advised us today that prior to January 23, 2025, he had received a correspondence that the conference had been adjourned to February 6, 2025 at 10:15 a.m. Defendant City requests that the initial conference be adjourned to a date after April 8, 2025 so the City can respond to the Complaint and more fully examine the plaintiff's allegations.

For the foregoing reasons, defendant City respectfully requests that this Court grant a 60-day extension of time for the City to answer, or otherwise respond to, the Complaint, from February 7, 2025 to April 8, 2025, and that the initial conference scheduled for February 6, 2025 be adjourned to a date after April 8, 2025 to allow the City to time to investigate the allegations in the Complaint.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Joseph M. Hiraoka, Jr.*
Joseph M. Hiraoka, Jr.
*Senior Counsel*
Special Federal Litigation Division

cc: **By E.C.F.**
Thomas Mirigliano, Esq.
*Attorney for Plaintiff*